UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARAY J. BENTON, *et al.*,

    Plaintiffs,

    v.

BANK OF AMERICA CORPORATION, *et al.*,

    Defendants.

Civil Action No. 15-843 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiffs LaRay and Georgia Benton have filed what appears to be a highly complex 81-page Complaint naming eleven Defendants and asserting 35 separate counts. Closer inspection reveals that the gravamen of the suit is fairly simple: allegedly improper actions taken by financial entities to foreclose upon their homes. Multiple Defendants have now filed separate Motions to Dismiss, which raise a farrago of defenses, including a lack of venue in this Court. As neither of the Bentons' houses is located in the District of Columbia and as none of the actions complained of occurred here, the Court will grant the Motions in part and transfer the case to the District of Maryland.

**I.    Background**

Given the prolixity of Plaintiffs' pleadings, the Court will not recite them chapter and verse. It will, instead, limit its account to the facts relevant to the question of venue. To begin, LaRay Benton lives in Mitchellville, Maryland, and Georgia Benton (whose precise familial relationship to Mr. Benton is unclear) lives in Savannah, Georgia. See Compl. at 1. The Complaint is entitled "Petition for Enforcement, Damages, and Relief of Previously Approved,

Offered & Accepted Loan Modification Agreement" with a subheading of "Petition for Stay of Pending Foreclosure[:] Maryland Docket No. CAEF14-29267." Id.  Ms. Benton's central claim is that Defendants improperly took "formal actions to present materially false misrepresentations, affidavits, and other documents or vehicles to formally foreclose on her property, in 'bad faith.'" Compl. at 7.  That property is located in Newport News, Virginia. See id. at 6.  Similarly, Mr. Benton "duly asserts that the prayers, motions, affidavits, and supporting documents filed in the Circuit Court for Prince George's County, Maryland[,] by [Defendant] OCWEN [Financial Corporation] and/or their representatives is a willful and fraudulent 'robo-signing' and misconduct, in 'bad faith,' with the specific intent to 'foreclose' on Mr. Benton's property located at 1731 STOURBRIDGE COURT, MITCHELLVILLE, MARYLAND 20721." Id. at 18.  There are further details of how a purported loan-modification package, which was related to the same residence, went awry, again without any reference to activities in Washington. See id. at 38-41.

     In Plaintiffs' combined Opposition to Defendants' Motions to Dismiss, the same facts are amplified.  For example, Plaintiffs also mention illegal debt collection committed by certain Defendants via their filing suit in "Maryland District Court to formally collect the debt that Mr. Benton owed . . . ," ECF No. 32-1 (Opp.) at 10; the "foreclosure mediation proceedings held by the Maryland Office of Administrative Hearings," id. at 19; and Defendants' continued efforts to "systematically 'harass' and 'oppress' Mr. Benton through their routine and inaccurate communications to him via phone and registered mail," presumably directed to his Maryland address. See id. at 23.  The harms he characterizes, including "emotional and physical distress, stress, anxiety, loss of sleep, and excessive weight loss," id. at 44, all afflicted him in Maryland.

## II. Legal Standard

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Fed. R. Civ. P. 12(b)(3) (defendant may assert improper venue via motion). In considering a Rule 12(b)(3) motion to dismiss, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002). The Court need not, however, accept the plaintiff's legal conclusions as true, see id., and may consider material outside of the pleadings. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); see also 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3826 (3d ed. 2007) (noting that most federal courts place burden of establishing venue as proper on plaintiff when defendant has made proper objection). To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009). Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

**III.    Analysis**

Defendants raise a bevy of defenses in seeking dismissal of the Complaint, but the Court need look no further than the question of venue.  Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Even though Plaintiffs cite only § 1391(b)(2) as their basis for venue, see Compl. at 7, the Court will also look quickly at (b)(1).  In considering this latter provision, it notes that the Complaint lists <u>none</u> of the eleven Defendants as having District of Columbia residences.  Even if some of the corporate Defendants may be said to reside in the District – a question the Court need not tackle – the one individual Defendant plainly does not.  That suffices to defeat (b)(1) venue.

As to (b)(2), Defendants are correct that no relevant events occurred in this city, and the property at issue is situated in Maryland and Virginia.  In attempting to rebut Defendants' argument, Plaintiffs only dig a bigger hole.  They state, for instance, "Venue is appropriate in this District pursuant to 28 U.S.C. [§] 1391(b)(2) and 12 U.S.C. [§] 5564(f), and because the collective complaint is for actionable claims that happened in the <u>United States District of Virginia</u> . . . ."  ECF No. 43 (Opp. to Seterus Motion) at 2-3 (emphasis added).  Title 12 U.S.C. § 5564 speaks only to suits brought by the Consumer Financial Protection Bureau, and the underscored language is self-evidently not helpful to Plaintiffs' venue argument.  The Bentons

also contend that "[v]enue is appropriate in this District . . . because the collective complaint is for actionable claims that happened in both the Districts of Maryland and Virginia, and of which the parties are not in close proximity." Opp. at 2. Such opaque reasoning is difficult to follow, but if Plaintiffs are contending that the District is convenient middle ground, such a split-the-difference argument has no legal viability. Finally, the Bentons concede that "[i]n light of plaintiffs' residence, and the real property's location, the alleged harm would have occurred in Maryland . . . ." Id. at 32. Given the appropriate venue in Maryland, the Court need not consider (b)(3), which is only operative where venue is not otherwise available.

The only District of Columbia connection that Plaintiffs ever mention is the fact that the "National Mortgage Settlement" and Consent Judgment relating to banks' and loan servicers' handling of mortgages was consummated here. See Compl. at 2-3. Although the Bentons do not point this out, the Court is cognizant that the Consent Judgment does provide for enforcement in the District of Columbia. See Ghaffari v. Wells Fargo Bank, N.A., 6 F. Supp. 3d 24, 30 (D.D.C. 2013). Yet, as this Court concluded in dismissing the claim in Ghaffari, third parties to government consent decrees (such as the Bentons) cannot enforce such decrees absent an explicit stipulation by the government to that effect, which this particular Consent Judgment does not provide. Id. at 29. As a result, Plaintiffs cannot (and do not) contend that the Consent Judgment somehow provides venue in this District for every case throughout the country claiming wrongful foreclosure of property by the settling banks who were parties to the decree.

When venue is improper, the Court must dismiss the suit or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the decision to transfer or dismiss is committed to the discretion of the district court, the interest of justice generally requires transferring a case to the appropriate

judicial district in lieu of dismissal.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).  Here, the only conflict is whether to transfer to Virginia (where Ms. Benton's property is located) or Maryland (the site of Mr. Benton's house).  Given that the vast majority of the allegations refer to the Maryland property, the Court believes that the interests of justice require a transfer there, where the case could originally have been brought under 28 U.S.C. § 1391(b)(2).

**IV.  Conclusion**

For the foregoing reasons, the Court will grant in part Defendants' Motions to Dismiss and transfer the case to the District of Maryland.  A separate Order consistent with this Opinion will issue this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  February 9, 2016