IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARAY J. BENTON et al.,

    Plaintiffs,

v.                                        Civil Action No. PX 16-613

BANK OF AMERICA CORPORATION et al.,

    Defendants.

******

## MEMORANDUM OPINION

This case arises out of the alleged foreclosure of two properties owned by LaRay and Georgia Benton ("Plaintiffs") in Newport News, Virginia and Prince George's County, Maryland. *See* Complaint, ECF No. 1 at 6. On June 8, 2015, Plaintiffs, appearing *pro se*, filed a complaint in the United States District Court for the District of Columbia against eleven defendants: Bank of America Corporation; Bank of America, N.A.; PRLAP, Inc.; ARLP Trust 4; Keith Yacko; Brock & Scott, PLLC; Christiana Trust; Wilmington Savings Fund Society, F.S.B.; Ocwen Financial Corporation; Ocwen Loan Servicing LLC; and Seterus Inc. (the "Defendants"). The complaint is eighty-one pages long, asserts thirty-five separate counts, and has 384 pages of exhibits. Complaint, ECF No. 1. At base, Plaintiffs allege that the Defendants improperly foreclosed upon their properties using deceit, misrepresentation, fraud, and other forms of misconduct in violation state and federal laws. *See, e.g.*, *id.* at 7–8, 17–18.

Several Defendants filed motions to dismiss while the case was pending in the District of Columbia. *See* ECF Nos. 2, 4, 17, and 21. On February 9, 2016, the D.C. district court granted these motions in part, holding that the case was filed in the wrong venue in violation of Fed. R. Civ. P. 12(b)(3), and ordered the case to be transferred to this Court. *See* Memorandum Opinion

and Order, ECF Nos. 45 and 46. An exhaustive recount of the facts is unnecessary, but the history of the case since it was transferred to this Court bears review.

On April 4, 2016, this Court granted Plaintiffs' motion for leave to amend their original complaint on or before May 4, 2016. *See* ECF No. 59. The Court reminded Plaintiffs that the amended complaint must comply with D. Md. Local Rule 103.6, and noted that in light of the Court granting leave to amend, any amended claims that fail to state a plausible claim for relief will be dismissed with prejudice. *Id.* On April 28, 2016, Plaintiffs filed a Motion to File Electronically and Motion for Extension of Time. ECF No. 60. The Court granted the motion in part, extending Plaintiffs' time to file to June 13, 2016. ECF No. 61.

Despite the Court's instructions, Laray Benton waited until June 16, 2016 to file his amended complaint. The amended complaint is 102 pages long and lacks numbered paragraphs. *See* Amended Complaint, ECF No. 64. Moreover, Mr. Benton failed to attach a redlined copy of the amended complaint in violation of Local Rule 103.6.[1] Although categorized as an amended complaint, Mr. Benton also states that it serves as a motion for summary judgment and a response to the Defendants' previous motions to dismiss the original complaint that had been filed in D.C. District Court. *See* ECF No. 64 at 2–4.

The Court held a conference call with the parties on July 13, 2016 to address Bank of America's intention to file a motion to strike the amended complaint. For the reasons discussed during that conference call, the Court ordered the Defendants by August 8, 2016 to file any motions regarding Mr. Benton's alleged failure to comply with the Federal Rules of Civil

---

[1] Local Rule 103.6(c) states:

> Unless otherwise ordered by the Court, the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which the stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type.

D. Md. Local Rule 103.6(c).

Procedure and/or this Court's Local Rules. *See* ECF No. 69. Mr. Benton was ordered to respond to any motion filed by August 29, 2016, and Defendants' replies were due by September 15, 2016. *Id.*

On August 8, 2016, Defendants Bank of America, N.A., Bank of America Corporation, and PRLAP, Inc. filed a motion to strike and/or motion to dismiss Plaintiffs' Amended Complaint in accord with the Court's scheduling order at ECF No. 69. *See* ECF No. 72. On the same day, Defendants Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, Wilmington Trust (as Trustee of ARLP Securitization Trust, Series 2014-2), Wilmington Savings Fund Society, Christiana Trust, and ARLP Trust 4 filed a similar motion. ECF No. 73.

In their motions, the Defendants argue that the amended complaint should be stricken because Mr. Benton failed to comply with Local Rule 103.6 after the Court explicitly instructed him to do so. ECF No. 72-1 at 6–7; ECF No. 73-1 at 3–5. In the alternative, the Defendant's argue that the amended complaint is deficient under Rules 8(a), 12(b)(6), and 10 of the Federal Rules of Civil Procedure. ECF No. 72-1 at 7–9; ECF No. 73-1 at 4–5. Rule 8(a) requires a "short and plain statement of the claim showing that the pleading is entitled to relief," while Rule 10 outlines the form the pleadings must take. Mr. Benton's amended complaint is 102 pages long, does not contain numbered paragraphs, does not clearly label the causes of action, and references the eleven defendants as a collective group. Clearly, the amended complaint does not comply with the rules.

Further, even if the amended complaint conformed to the rules, the Defendants argue the case should be dismissed pursuant to the *Younger* doctrine[2] because a related state court action is still pending. Defendants alternatively argue that the amended complaint, as pleaded, is so

---

[2] So named after *Younger v. Harris*, 401 U.S. 37 (1971), which explained that federal courts should refrain from interfering with state judicial proceedings in most circumstances.

unclear that they can neither frame an adequate answer nor be confident that their response would sufficiently address each allegation.

On September 14, 2016, approximately two weeks after the deadline for Mr. Benton's response, he sought an extension of time, claiming travel delays prevented timely filing. *See* ECF No. 74. He also informed the Court that he had secured legal counsel to represent him going forward. *Id.* The Court granted Mr. Benton's motion, and he was ordered to file his response on or before October 24, 2016. *See* ECF No. 75. The letter order also informed Mr. Benton that "[n]o further continuances absent extraordinary circumstances will be granted." *Id.*

It is now February 14, 2017 and Mr. Benton has failed respond to Defendants' motions to dismiss. *See* Md. Local Rule 105.2(a); Fed. R. Civ. P. 6. As a result, when a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim); *White v. Wal Mart Stores, Inc.*, No. ELH–13–00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (dismissing *pro se* plaintiff's case after he failed to oppose defendant's motion to dismiss). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit *sua sponte* for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

To be sure, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the Defendants where the motion itself is meritless. *United States v. Sasscer*, No. Y–97–3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). This is not the case here. Defendants persuasively argue that the mortgage in question is in default and foreclosure proceedings are ongoing in the Circuit Court for Prince George's County. *See* 72-1 at 3–4. In light of Mr. Benton's failure to oppose the motions, the Court will assume that Mr. Benton concedes that his amended complaint is deficient for the reasons stated by the Defendants.

Additionally, the Court notes that Mr. Benton has failed to comply with numerous orders, local rules, and federal rules of civil procedure, despite the Court's generous guidance. *See Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 WL 3476994, at *24 (D. Md. Aug. 8, 2011) (explaining that even *pro se* litigants must comply with a court's orders and the local rules). Therefore, Mr. Benton's amended complaint is dismissed. This dismissal will be with prejudice based on the parties' previous agreement, discussed *supra*.

The amended complaint is also dismissed to the extent that Mr. Benton intended it to serve as a response to the Defendants' previous motions to dismiss presented to the U.S. District Court for the District of Columbia, at ECF Nos. 2, 4, 17, and 21. That court already granted Defendants' motions in part by transferring this case here, and Mr. Benton's filing of an amended complaint renders the previously pending motions moot.

Also, the pleading is dismissed to the extent Mr. Benton intended it to serve as a motion for summary judgment. The Court's case management order, at ECF No. 49, requires the party who intends on filing a motion to first file a Notice of Intent to File Motion. Mr. Benton did not do so.

Finally, two defendants, Keith M. Yacko and Brock & Scott, PLLC have not filed motions to dismiss. A review of the docket reveals that these parties were never served. Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If the defendants have not been served within this time frame, "the court . . . *must* dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Court will therefore order Mr. Benton to show good cause with fourteen (14) days from the date of this Memorandum Opinion and Order why the amended complaint should not be dismissed as to Keith M. Yacko and Brock & Scott, PLLC, without prejudice, and pursuant Fed. R. Civ. P. 4(m) and Local Rule 103.8.a. A separate order will follow.

| | |
|---|---|
| 2/14/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |